UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARIAH STAR CRENSHAW, | ) | Case No. 1:15 CV 2725 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| TRANS UNION CONSUMER RELATIONS, LLC, et al., | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) | **ORDER** |

This matter comes before the Court on Defendant Central Cadillac, LLC's ("Central") motion to dismiss. Central seeks dismissal of Plaintiff Mariah Crenshaw's ("Crenshaw") Fair Credit Reporting Act ("FCRA") Claims, 15 U.S.C. 1681 *et seq.*; Fair Credit Billing Act ("FCBA") Claims, 15 U.S.C. 1666-1666i; and State law intentional and/or negligent misrepresentation claims. For the reasons set forth below, Central's motion is GRANTED IN PART as to Ms. Crenshaw's federal claims. In the absence of a federal claim, this Court declines to exercise supplemental jurisdiction over the remaining State law claims. Accordingly, the matter is DISMISSED in its entirety.

## I. Background

The substance of Ms. Crenshaw's complaint originates in a visit to Central and the resulting efforts engaged in to obtain financing to purchase a vehicle. According to her

Complaint, Ms. Crenshaw was not informed that multiple attempts were being made to obtain financing based upon her single application. Ms. Crenshaw contends that she has suffered harm as a result of the multiple attempts to obtain financing, and makes various claims for relief as a result of this alleged harm. Ms. Crenshaw has settled her claims against all defendants other than Central; Central now seeks dismissal of Ms. Crenshaw's remaining State and federal claims.

## II. Law and Analysis

### (a) FCRA

Central addresses three types of FCRA violations in its motion to dismiss: (1) violation of duties as a credit reporting agency; (2) violation of duties as a user of consumer reports; and (3) violation of duties as a furnisher of information. With regard to Central, Crenshaw's specific FCRA allegations only address part (3). Ms. Crenshaw alleges that Central "[became] a furnisher of information to the credit reporting agencies" by generating multiple unauthorized applications for credit on Crenshaw's behalf. (Complaint, ¶ 38.)

In the context of the FCRA, "Furnisher" is defined by 15 U.S.C. § 1681s-2, which provides, a "person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate" 15 U.S.C. § 1681s-2(a)(1)(A). Entities that provide information to credit reporting agencies operate under two broad duties, they must: (1) provide accurate information; and (2) undertake an investigation if they receive notice from a credit reporting agency that information the provided has been disputed. 15 U.S.C. § 1981s-2(a); 15 U.S.C. § 1681s-2(b). Assuming, for the sake of argument, that Central is a furnisher under the Act, there is no private right of action against furnishers for providing inaccurate information:

> This is because § 1681s–2(c) expressly precludes consumers from enforcing the requirement that furnishers, under § 1681s–2(a), initially provide complete and accurate consumer information to a CRA. § 1681s–2(c) (stating that "sections 1681n and 1681o of this title do not apply to any violation of subsection (a) of this section"); see also § 1681s–2(d) (reserving enforcement of § 1681s–2(a) to "the Federal agencies and officials and the State officials identified in section § 1681s of this title").

*Boggio v. USAA Federal Savings Bank*, 696 F.3d 611, 615 (6th Cir. 2012).  In the context of the two general duties imposed by the FCRA on furnishers, the Sixth Circuit has identified five specific duties with regard to disputed information:

> First, FCRA requires a furnisher to "conduct an investigation with respect to the disputed information." § 1681s–2(b)(1)(A). We join every circuit to have addressed this duty in holding that the investigation an information furnisher undertakes must be a reasonable one. [. . .] A consumer may show a violation of an information furnisher's duty under § 1681s–2(b)(1)(A) by showing that the furnisher's investigation was not reasonable. [citations omitted]
>
> Second, FCRA requires a furnisher to "review all relevant information provided by the [Credit Reporting Agency ("CRA")] pursuant to § 1681i(a)(2)." § 1681s–2(b)(1)(B). Alone, this duty is straightforward: a furnisher must review the pertinent information provided to it by a CRA. However, courts have interpreted this review requirement alongside the investigation requirement in § 1681s–2(b)(1)(A). [. . .]  Accordingly, first and foremost a furnisher must review all relevant information provided to it by a CRA regarding a dispute in order to comply with § 1681s–2(b)(1)(B). Additionally, the nature and specificity of the information provided by the CRA to the furnisher may affect the scope of the investigation required of the furnisher. [citation omitted]
>
> Third, FCRA requires a furnisher to "report the results of [its] investigation to the [CRA]." § 1681s–2(b)(1)(C). After conducting its reasonable investigation and reviewing all relevant information provided by a CRA, a furnisher must report back its findings about a customer's information to the CRA that originally provided notice of the dispute. Unlike the following two duties, this reporting duty requires a furnisher to respond to a CRA regarding the results of the furnisher's investigation, irrespective of the outcome of its investigation.

3

> Fourth, FCRA requires that "if the investigation finds that the information is incomplete or inaccurate," then the furnisher must "report those results to all other [CRAs] to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis." § 1681s–2(b)(1)(D). [. . .]
>
> Fifth, a furnisher must either "modify," "delete," or "permanently block reporting of" information that it finds upon investigation to be "inaccurate or incomplete," or that "cannot be verified after any reinvestigation." § 1681s–2(b)(1)(E). Inasmuch as the scope of this duty is determined by reference to inaccurate or incomplete information, the duty equally extends to the discovery of both inaccurate or incomplete consumer information and to the discovery of consumer information that is materially misleading.
>
> In addition, a furnisher has a duty to modify, delete, or block its original reporting if it discovers, upon investigation, that it can no longer verify the consumer information it originally supplied to a CRA.

*Boggio,* 616-18. Unlike the general duty to provide accurate information, the specific investigatory duties do establish private rights of action against a furnisher:

> In light of § 1681s–2(c)'s express limits, consumers may step in to enforce their rights only after a furnisher has received proper notice of a dispute from a CRA. [. . .] Such an understanding of § 1681s–2—one that recognizes a private right of action against a furnisher, but only for failing to comply with relevant requirements [. . .]has been adopted by every circuit to address the issue. Therefore, we hold that consumers [. . .] may file actions pursuant to §§ 1681n and 1681o claiming that furnishers of information have violated § 1681s–2(b).

*Id.* at 615-616 (citations omitted). Thus, the Sixth Circuit has concluded: "FCRA expressly creates a private right of action against a furnisher who fails to satisfy one of five duties identified in § 1681s–2(b)."

Although there is a private right of action against furnishers under the FCRA, Ms. Crenshaw's Complaint does not address any of the five duties under which the Sixth Circuit has found that right. Instead, Ms. Crenshaw alleges Central has violated the FCRA by providing inaccurate information. (Complaint, ¶ 38.) Thus, even construing the allegations in the

4

Complaint in a light most favorable to Ms. Crenshaw, the Complaint fails to state a claim under the FCRA against Central. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). Accordingly, Ms. Crenshaw's FCRA claims are dismissed as to Central.

### (b) FCBA

Although Ms. Crenshaw cites the FCBA generally, she makes no allegations in her Complaint as to Central under the FCBA. Accordingly, in the absence of allegations demonstrating a cause of action against Central under the FCBA, Ms. Crenshaw's claims under the FCBA are dismissed.

### (c) INTENTIONAL AND/OR NEGLIGENT MISREPRESENTATION

With the dismissal of Ms. Crenshaw's FCRA and FCBA claims, the remaining allegations appear to state a claim for "intentional" or "fraudulent" misrepresentation under Ohio law; these torts are common law causes of action defined by the Ohio Supreme Court. *Delman v. City of Cleveland Heights*, 41 Ohio St.3d 1, 4 (1989); see also *Ford v. New Century Mortg. Corp.*, 797 F.Supp.2d 862 (N.D. Ohio 2011) (citing *Fifth Third Bank v. Cope*, 162 Ohio App.3d 838, 835 (Ohio App. 2005)); and *Carpenter v. Sherer-Mountain Ins. Agency*, 135 Ohio App.3d 316, 327-328 (Ohio App.1999) (citing *Burr v. Board of County Com'rs of Stark County*, 23 Ohio St.3d 69 at paragraph two of the syllabus). In the absence of a federal claim against Central, this Court declines to exercise jurisdiction over Ms. Crenshaw's remaining cause of action. 28 U.S.C. §1367 (c)(3); *Wee Care Child Center, Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012): "as [Plaintiff's] one federal claim was properly dismissed, it was likewise proper for the district court to decline to exercise supplemental jurisdiction over the remaining state law claims."

The Court notes that Ms. Crenshaw requested, in her Response in Opposition to Central's Motion to Dismiss, that the matter be moved to the Cuyahoga County Court of Common Pleas

5

rather than dismissed in its entirety. Because this matter was filed in Federal Court, there is no mechanism by which this Court can transfer the matter to an Ohio Common Pleas Court; nevertheless, having declined to exercise jurisdiction over the State law matters, those claims are dismissed without prejudice, resulting from this action, to refiling in State court.

### III. Conclusion

For the reasons stated above, Central's Motion to Dismiss is GRANTED as to Ms. Crenshaw's claims under the FCRA and FCBA; this Court declines to exercise supplemental jurisdiction over Ms. Crenshaw's remaining State law tort claims, accordingly they are dismissed without prejudice as to filing in State court. 28 U.S.C. § 1367.  The Complaint is therefore DISMISSED in its entirety.

**IT IS SO ORDERED**.

                                         */s/ John R. Adams*
                               U.S. District Court Judge
                               Northern District of Ohio

May 31, 2016
Date